UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:22-CR-00045-RCL |
| | : | |
| KENNETH ARMSTRONG III, | : | |
| | : | |
| Defendant. | : | |

### UNOPPOSED MOTION TO VACATE ORDER AUTHORIZING DISTRIBUTION FOR AVAILABLE PRIVATE FUNDS

Defendant Kenneth Armstrong III respectfully moves the Court for an order vacating the Court's prior Order re: Authorization For Distribution of Available Private Funds (Dkt. No. 13), requiring Mr. Armstrong to make financial contribution of $500 per month to the cost of his representation by the Federal Public Defender's office, due to significant deterioration in Mr. Armstrong's financial condition. Defense counsel has met and conferred with counsel for the United States, which takes no position on this motion.

Mr. Armstrong was charged with various misdemeanor offenses in connection with the events of January 6, 2021. Mr. Armstrong was arrested in the Northern District of California, where he lives and undersigned counsel from the Federal Public Defender's office appeared for Mr. Armstrong at local proceedings pursuant to Federal Rule of Criminal Procedure 5. The magistrate court in Northern California provisionally appointed undersigned counsel to represent Mr. Armstrong, pending confirmation by the magistrate court in the District of Columbia. Mr. Armstrong appeared on February 16, 2022 in the magistrate court for the District of Columbia, to request confirmation of appointment of counsel. Mr. Armstrong submitted a financial affidavit to support his request to the magistrate court at that time. *See* Armstrong Decl. ¶ 2 & Ex. A (CJA

Form 23 dated January 21, 2022). After holding proceedings *ex parte* and under seal to discuss Mr. Armstrong's finances, the magistrate court appointed undersigned counsel and ordered Mr. Armstrong to make financial contributions in the amount of $500 per month to alleviate the cost of his representation. Mr. Armstrong has complied with that obligation for the last seven months and has thus paid $3500 to date to the Clerk's Office. *Id.* ¶ 3. The magistrate court also noted at the hearing that Mr. Armstrong could always return to the Court to address the contribution should his financial condition significantly deteriorate in the future.

Unfortunately, that is what occurred, and Mr. Armstrong now brings this motion to request that he be relieved of the contribution obligation, which he cannot afford due to losses he recently suffered. By way of background, Mr. Armstrong is an organic farmer in and the sole owner of a small farm called Ouroboros Farms LLC in Half Moon Bay, California. *Id.* ¶ 4. Mr. The farm is not profitable and at the end of most years Mr. Armstrong invests his personal savings to cover losses in the business. *Id.* He does not pay himself a salary. *Id.* Ex. A. Mr. Armstrong's cash flow is consistently negative. *Id.* ¶ 4. He does not own any real property; he was forced to sell his home in June 2021 to cover debt incurred in his farming business. *Id.* ¶ 5. The farming business was impacted by the COVID-19 pandemic because restaurants that purchased produce from Ouroboros Farms cancelled or curtailed orders. *Id.* ¶ 6. He also has significant outstanding debts, including accruing business loans and credit card debt. *Id.* ¶¶ 7-8 & Ex. B (CJA Form 23 dated August 23, 2022).

In 2021, Mr. Armstrong converted the proceeds of the sale of his home into cryptocurrencies. *Id.* ¶ 5. At the time that these proceedings were initiated in January 2022, virtually all of Mr. Armstrong's savings were held in cryptocurrency. *Id.* Ex. A (see "Cash & Bank Accounts"). In approximately March to June 2022, however, the value of cryptocurrencies

began to fall dramatically.[1] Since the institution of this case, Mr. Armstrong has lost approximately three-quarters of his personal savings in cryptocurrencies as a result, and his financial condition has not otherwise improved. *See* Armstrong Decl. ¶ 8 & Ex. A (CJA Form 23 dated August 23, 2022).

Paying the monthly contribution amount for undersigned counsel's representation now presents significant financial hardship for Mr. Armstrong, given the loss of the majority of his savings and the state of his business and personal debts. He therefore respectfully requests that the Court vacate its prior Order requiring contributions. Should the Court wish to ask any questions or discuss Mr. Armstrong's finances, he and counsel are of course available to appear at a hearing at the Court's convenience.

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

By: /s/ David Rizk
David Rizk
Assistant Federal Defender
Counsel for Kenneth Armstrong III
450 Golden Gate Avenue
Room 19-6884, Box 36106
San Francisco, CA 94102
David_Rizk@fd.org
(415) 436-7700

---

[1] *See, e.g.*, Coin Desk, Bitcoin Price, 1Y (08/23/2021 to 08/23/2022), *available at* https://www.coindesk.com/price/bitcoin/ (last accessed August 23, 2022).

## CERTIFICATE OF SERVICE

      On this 24th day of August 2022, a copy of the foregoing was served on counsel of record for the parties via the Court's Electronic Filing System.

      /s/   David W. Rizk
David W. Rizk
Assistant Federal Public Defender
Counsel for Kenneth Armstrong III

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | **Case No. 1:22-CR-00045-RCL** |
| : | |
| **KENNETH ARMSTRONG III,** : | |
| : | |
| **Defendant.** : | |

## ORDER

Based upon the representations in the Defendant's Unopposed Motion, the Court's prior order (Dkt. No. 13) requiring Kenneth Armstrong III to make financial contributions to cover the cost of his legal representation is hereby vacated.

IT IS SO ORDERED.

_____
HONORABLE ROYCE C. LAMBERTH
United States District Judge